**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FILED
DEC 30 2005
U.S COURT OF FEDERAL CLAIMS

JOHN WESTOVER :
701 Bentley Place
Fort Collins, Colorado 80526 :
Plaintiff

v. : Case No 05-1398C

UNITED STATES DEPARTMENT :
OF AGRICULTURE
1400 Independence Avenue S.W. :
Room 3175 South
Washington, D.C. 20250 :
Defendant

**COMPLAINT**
**BREACH OF CONTRACT**

JURISDICTION:

1. This Honorable Court has jurisdiction pursuant to Title 28 U.S.C. section 1491.

PARTIES:

2. John Westover is a resident of Fort Collins, Colorado and a Citizen of the United States.

3. The United States Department of Agriculture is an Agency of the United States Government capable of suing and being sued whose principal place of business is located in Washington, D.C.

FACTS OF THE CASE:

4. Plaintiff, John Westover, filed a pro se legal action in the United States District Court for the District of Colorado on December 24, 2001, Civil Action No: 01 MK 2490 against the United States Department of Agriculture.

5. John Westover was employed as a Veterinary Medical Officer, VMO-Regional Epidemiologist, from 1991 until his removal in 1995.

6. The circumstances of his removal were addressed through administrative grievance procedures, October 1994, and a subsequent EEO complaint, August, 1995.

7. John Westover alleged during his last 18 months of employment he was subjected to degradation of his job responsibilities and deteriorating level of support for his remote duty site.

8. After he received a questionable performance evaluation, he filed a grievance in October, 1994. Two weeks after filing that grievance, he was demoted.

9. On November 25, 2004 he filed a formal grievance alleging reprisal, demotion, in the aftermath of the October, 2004 grievance, and a dysfunctional work place.

10. Due to the stress occasioned by the dysfunctional work place, John Westover, sought psychological counseling and was referred to a psychiatrist for treatment. Both health care professionals recommended he take sick leave for one month.

11. On December 19, 1994 he requested sick leave. That request was denied, and he was placed on Absence without Leave.

12. On February 16, 1995, John Westover, requested reasonable disability accommodations.

13. On February 24, 1995 Plaintiff's new supervisor, Phil Pickerill who was assigned as a result of the Demotion in November, 1994, proposed removing John Westover from his position.

14. On May 19, 1995, John Westover filed an informal complaint with the

EEO office claiming discrimination based on race, reprisal and disability. The informal complaint was not resolved, and on August 28, 1995 a Formal EEO Complaint was filed. The department responded on July 18, 1996, but did not address the disability claim. An investigation was conducted and a report issued in February, 1997.

15. On March 15, 1997 Plaintiff elected his right to an administrative hearing by an EEOC administrative judge.

16. No administrative hearing was held. Rather on September 21, 1998 the Department issued its final decision dismissing the complaint.

17. That adverse decision was appealed to the Office of Federal Operation, OFO. On September 20, 2001 the September 21, 1998 EEOC Decision was affirmed.

18. On December 24, 2001, Plaintiff filed his complaint at the United States District Court for the District of Colorado alleging discrimination, and retaliation based upon disability.

19. During the pendency of that legal action a Settlement Agreement was reached on September 17, 2002.

20. The Settlement Agreement between John Westover and the United States Department of Agriculture, Exhibit "1", provided, inter alia, for the payment of $8,000.00 dollars to John Westover and removal from USDA files the SF-50 form that reflected John Westover's employment with the Agency was terminated on June 5, 1995, and replacement with an SF-50 form that indicated Plaintiff resigned his employment on June 5, 1995. Additionally the Agency agreed it would provide only neutral job references to prospective employees of John Westover when contacted. The neutral job references were limited to include only the dates of the employment, his job titles and his

salary.

In consideration, John Westover agreed to dismiss the pending civil action with prejudice, and to dismiss all pending grievances and EEOC actions.

21. Since the Settlement Agreement, John Westover, tried to find employment. He submitted no less than 74 job applications, including 51 applications for vacancies announced through the USDA. He was interviewed five times, but was never hired. Due to his specialty, USDA is the primary source of suitable positions.

22. On October 22, 2004 he was interviewed on his application for an entry level Veterinary Medical Officer vacancy in western New York State. Two weeks after that interview, the vacancy was cancelled.

23. In early 2005 that vacancy was re-announced. John Westover applied again and was interviewed on March 21, 2005. The selecting official for this and the original announcement was Dr. Roxanne Mullaney, a USDA employee. Although John Westover is a service connected disabled veteran eligible for a 10 point preference for federal employment, he was granted the preference only in his application for the original announcement of the job vacancy. Although John Westover was the top rated applicant within the list of eligible candidates for the original vacancy announcement, the USDA cancelled this announcement and then omitted his veteran's 10-point preference on the re-announcement. Dr. Roxanne Mullaney selected another candidate on the re-announcement.

24. John Westover initiated an EEOC action and on March 24, 2005 an informal report was issued wherein it showed the term of the Settlement Agreement to provide only neutral job references was breached by the Agency when Dr. Mullaney

spoke with Agency officials who proffered non-neutral job references alleging that John Westover was unrealistic in terms of his knowledge, work ethic, and goals.

25. On September 13, 2005, a more specific investigation revealed that Dr. Mullaney spoke with Dr. Gary Svetlik, a USDA employee who is a field veterinarian in Texas. In his Affidavit, Dr. Svetlik revealed that he told Dr. Mullaney that Dr. Westover had worked in Texas a number of years ago as a tuberculosis epidemiologist in El Paso, Texas. From what he allegedly heard and saw, Dr. Svetlik claimed that Dr. Westover's performance was not adequate and he would not hire Dr. Westover for any position.

Dr. Mullaney's cancellation of the original vacancy announcement was a direct result of this adverse, non-neutral information.

COUNT ONE

26. Plaintiff incorporates herein and makes a part hereof paragraphs one through twenty five, supra.

27. On September 17, 2002 the USDA and John Westover entered into a Settlement Agreement to settle a case pending before the United States District Court for the District of Colorado.

28. On or about September 13, 2005, John Westover learned that the Agency breached a crucial term of the Settlement Agreement which provided the Agency would provide to prospective employers only neutral job references that were limited to the date of John Westover's employment with the Agency, his job title and salary.

29. Dr. Mullaney, the selecting official for the Agency, solicited job references from Agency employees who indicated John Westover was unrealistic in his knowledge, work ethic and goals, and from an Agency Veterinary Medical Officer, Dr. Svetlik, who

stated John Westover's job performance was not adequate and that he would not hire John Westover for any position.

30. The breach of the contract by the Agency was material, in that the term of the contract breached was so important that it affects the central purpose of the contract.

31. The only available remedy for this type of material breach for Plaintiff is recession of the contract with reinstatement in his former position with USDA, and back pay.

**WHEREFORE,** Plaintiff requests Judgment, with recession of the contract; reinstatement in his former position with the Agency; back pay in the sum of $608, 847.00, reinstatement of benefits, Attorneys fees, and costs of suit.

RESPECTFULLY,

Joan Harvill 12-29-05

Joan A. Harvill
Member Bar U.S. Court of Federal Claims
Attorney for John Westover, Plaintiff
1000 Connecticut Avenue N.W.
Suite 600
Washington, D.C. 20036
(202) 466-6346

**EXHIBIT ONE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-MK-2490 (MJW)

JOHN B. WESTOVER,

Plaintiff,

v.

ANN M. VENEMAN, Secretary, United States Department of Agriculture,

Defendant.

---

**SETTLEMENT AGREEMENT**

---

It is hereby stipulated and agreed by and between the parties as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action upon the terms and conditions stated herein.

2. Defendant agrees to pay plaintiff, John B. Westover, eight-thousand dollars ($8,000), via a check issued by the United States Treasury, payable to John B. Westover. Defendant further agrees to remove from its records, the SF-50 form that indicates plaintiff's employment with defendant was terminated on June 5, 1995, and substitute an SF-50 form that indicates plaintiff resigned his federal employment effective June 5, 1995. Defendant also agrees that agency employees will provide neutral references to prospective employers of plaintiff, if contacted. Said neutral references will only disclose the dates of plaintiff's employment with defendant, his job titles, and his salary.

3. In return for the consideration recited in paragraph two, plaintiff agrees to dismiss this case with prejudice, and to dismiss all pending grievances and Equal Employment Opportunity

complaints pending before any agency of the United States, each party to pay their own costs and attorney's fees. Plaintiff further agrees that the aforesaid consideration is tendered and accepted in full settlement and satisfaction of any and all claims and demands, of whatever nature, including attorney's fees and costs, that plaintiff, his heirs, executors, administrators or assigns had, may have, or may hereafter discover against the defendant or the United States of America, its agencies, agents, servants or employees based on events occurring prior to the date this agreement is fully executed, including all claims relating in any way to plaintiff's employment with the federal government.

4. This agreement shall not constitute an admission of liability or fault on the part of the defendant.

5. In conjunction with this stipulation, the parties further agree that they will execute and file a Stipulated Motion to Dismiss pursuant to Fed. R. Civ. P. 41(a)(l), dismissing this case with prejudice.

[signature: John B. Westover]
John B. Westover
701 Bentley Place
Fort Collins, CO 80525
(970) 223-4817

Date: 17 Sep 02

JOHN W. SUTHERS
United States Attorney

____________________
By: William G. Pharo
Assistant U.S. Attorney
1225 Seventeenth St., Suite 700
Denver, CO 80202
(303) 454-0100
Attorneys for Defendants

Date: ______________