05-1398C
Judge Miller

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

JOHN WESTOVER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

NEHA NAGAR HEWITT
Attorney
U.S. Dept. of Agriculture
1400 Independence Avenue
Room 3312-5, SW
Washington, D.C. 20250

March 29, 2006

# TABLE OF CONTENTS

**PAGE**


STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. Legal Standards Pursuant To RCFC 12(b)(1) And 12(b)(6) . . . . . . . . . . . . . . . . 4

II. This Court Does Not Possess Jurisdiction Over Claims For Breach Of A Title VII Settlement Agreement Unless The Claim Is A Pure Contract Claim For Presently Due Money Damages That Neither Seeks Any Equitable Relief Nor Requires An Interpretation Of Title VII . . . . . . . . . . . . . . . 5

III. The Alleged Breach Of The EEO Settlement Agreement Is Not The Proximate Cause Of The Damages Claimed . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**CASES:** **PAGE(S)**

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . 4

Bradley v. Chiron Corp.,
136 F.3d 1317 (Fed. Cir. 1998). . . . . . 4, 5

Brown v. General Servs. Admin.,
425 U.S. 820 (1976) . . . . . 6

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . 5

Fausto v. United States,
16 Cl. Ct. 750 (1989) . . . . . 7, 11

First Hartford Corp. v. United States,
194 F.3d 1279 (Fed. Cir. 1999) . . . . . 9, 10

Frahm v. United States,
No. 4:02CV00089, 2005 WL 1528421
(W.D. Va. June 23, 2005) . . . . . 10, 11

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
463 U.S. 1 (1983) . . . . . 4

Griswold v. United States,
61 Fed. Cl. 458 (2004) . . . . . 6, 9, 10

Hansson v. Norton,
411 F.3d 231 (D.C. Cir. 2005) . . . . . 8, 9

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . 4

Hughes Communications Galaxy, Inc. v. United States,
271 F.3d 1060 (Fed. Cir. 2001) . . . . . 12

Kokkonen v. Guardian Life Ins. Co. of Am.,
511 U.S. 375 (1994) . . . . . 5, 7

Lee v. United States,
33 Fed. Cl. 374 (1995) . . . . . 6, 7

**CASES (continued):** **PAGE(S)**

Massie v. United States,
166 F.3d 1184 (Fed. Cir. 1999) . . . . . . . . . . 7, 8

Mitchell v. United States,
44 Fed. Cl. 437 (1999) . . . . . . . . . . 7

Morley v. Potter,
No. C-04-5211FDB, 2005 WL 2406161
(W.D. Wash. Sept.29, 2005) . . . . . . . . . . 10

Morris v. United States,
33 Fed. Cl. 733 (1995) . . . . . . . . . . 2

New York Life Ins. Co. v. United States,
118 F. 3d 1553 (Fed. Cir. 1997) . . . . . . . . . . 9

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . . . 5

Ponder v. United States,
117 F.3d 549 (Fed. Cir. 1997) . . . . . . . . . . 5

San Carlos Irrigation and Drainage Dist.v. United States,
877 F.2d. 957 (Fed. Cir. 1989) . . . . . . . . . . 11, 12

San Carlos Irrigation and Drainage Dist. v. United States,
111 F.3d 1557, 1563 (Fed. Cir. 1997) . . . . . . . . . . 12

Schnelle v. United States,
69 Fed.Cl. 463 (2006) . . . . . . . . . . 7, 10

Taylor v. United States,
54 Fed. Cl. 423 (2002) . . . . . . . . . . 6

United States v. Newport News Shipbuilding & Dry Dock Co.,
933 F.2d 996 (Fed. Cir. 1991) . . . . . . . . . . 4

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . 9, 10

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . 5, 6, 9

**CASES (continued):** **PAGE(S)**

Villier v. United States,
17 Cl.Ct. 341 (1989) . . . . . . . . . . 11

Wells Fargo Bank, N.A. v. United States,
88 F.3d 1012 (Fed. Cir. 1996) . . . . . . . . . . 12

Wilson v. United States,
58 Fed. Cl. 760 (2003),
aff'd, 405 F.3d 1002 (Fed. Cir. 2005). . . . . . . . . . 4, 6

**STATUTES:**

Pub. L. No. 103-353, 108 Stat. 3149
(codified at 38 U.S.C. § 4311 et seq.) . . . . . . . . . . 3

Pub. L. No. 105-339, 112 Stat. 3182
(codified at 5 U.S.C. § 3330a et seq.) . . . . . . . . . . 3

5 U.S.C. § 5596(b)(1) . . . . . . . . . . 11

28 U.S.C. § 1491(a)(1) . . . . . . . . . . 5

28 U.S.C. § 1491(b)(2) . . . . . . . . . . 10

42 U.S.C. § 2000e-5 . . . . . . . . . . 6

42 U.S.C. § 2000e-16 . . . . . . . . . . 6

**REGULATIONS AND RULES:**

29 C.F.R. § 1614.504 . . . . . . . . . . 10

RCFC 12(b)(1) . . . . . . . . . . 1, 4

RCFC 12(b)(6) . . . . . . . . . . 1, 4, 5

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN WESTOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1398C (Judge Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the complaint, the attached appendix, and the following brief.

**DEFENDANT'S BRIEF**

**STATEMENT OF THE ISSUES**

1. Whether this Court lacks subject matter jurisdiction to entertain Mr. Westover's Title VII claim because his request is one for equitable relief and cannot present a claim for actual, presently-due money damages.

2. Whether Mr. Westover has failed to state a claim because the damages he seeks were not caused by the Government's alleged breach.

**STATEMENT OF THE CASE**

**I. Nature Of The Case**

Plaintiff, John Westover, claims the Government breached an Equal Employment Opportunity ("EEO") settlement agreement that he entered into with the United States

Department of Agriculture ("USDA" or "agency"). Specifically, Mr. Westover alleges that the Government failed to comply with the provision of the settlement agreement that requires the agency to provide "neutral references" to prospective employers. Mr. Westover seeks reinstatement to his former position with the USDA and backpay in the amount of $608,847.

## II. Statement Of Facts[1]

Plaintiff was employed as a Veterinary Medical Officer ("VMO") with the USDA's Animal and Plant Health Inspection Service ("APHIS") from 1991 until his removal in 1995. See Compl. ¶ 5. Following removal, Mr. Westover filed a number of claims with the Equal Employment Opportunity Commission ("EEOC") alleging hostile work environment, disability discrimination, and reprisal. After one such complaint was dismissed by the EEOC (Agency No. 010418), Mr. Westover filed a civil action in the District Court for the District of Colorado, No. 01-MK-2490. Compl. ¶¶ 14-18.

During the pendency of the Colorado district court case, an Assistant United States Attorney entered into a settlement agreement on behalf of the agency with Mr. Westover to resolve all complaints and grievances being litigated by Mr. Westover. Compl. ¶¶ 19-20, Ex. 1. Pursuant to the settlement agreement, Mr. Westover received $8,000 in monetary damages, a substitute SF-50 indicating that Mr. Westover had "resigned" from his position, and an agreement that the agency was to provide neutral references to future employers. Id. Specifically, the settlement agreement states:

---

[1] For the purposes of this motion only, we accept as true the factual allegations as set forth in the complaint. However, the Court "may look outside the complaint and receive evidence for the purpose of resolving the jurisdictional issue of fact." Morris v. United States, 33 Fed. Cl. 733, 742 (1995).

> Defendant also agrees that agency employees will provide neutral references to prospective employers of the plaintiff, if contacted. Said neutral references will only disclose the dates of plaintiff's employment with defendant, his job titles, and his salary.

Id. In exchange, Mr. Westover agreed to dismiss the pending complaint with prejudice, and to dismiss all pending grievances or EEOC complaints. Id. There was no language in the settlement agreement to further clarify who was to act as the source of the neutral references or how plaintiff should request such references.[2] See Compl. Ex. 1.

Mr. Westover has submitted approximately 74 job applications, 51 of which were announced through USDA since he signed the settlement agreement. Compl. ¶ 21. He has not been selected for any of these positions. Id. Mr. Westover is challenging USDA's non-selection decisions before multiple fora. Specifically, Mr. Westover filed (1) a Uniformed Services Employment and Reemployment Rights Act, Pub. L. No. 103-353, 108 Stat. 3149 (codified at 38 U.S.C. § 4311 et seq.) appeal in relation to the 51 positions with the Office of Special Counsel;[3] (2) a Veterans Employment Opportunities Act of 1998, Pub. L. No. 105-339, 112 Stat. 3182 (codified at 5 U.S.C. § 3330a et seq.) claim with the Merit Systems Protection Board ("MSPB");[4]

---

[2] Rene Wing, employee relations specialist, consulted with Mr. Westover as to how to handle the neutral reference situation. See Def. App. 1-3. Mr. Westover and Ms. Wing decided that Mr. Westover would use Ms. Wing as his neutral reference in any job application, and if called, she would read from a note that listed his employment dates and reasons for leaving. Mr. Westover does not allege that Ms. Wing failed to provide a neutral reference; rather, he alleges that a different USDA employee provided non-neutral information to another USDA employee. Compl. ¶ 25.

[3] The Office of Special Counsel is currently investigating this claim.

[4] The MSPB issued an initial decision in favor of the agency on May 9, 2005. See Westover v. U.S. Dept of Agriculture, DE 3443-05-0035-I-1. On October 4, 2005, the full board denied Mr. Westover's petition for review, and held the initial decision final. Id. On November 21, 2005, Mr. Westover appealed the MSPB's decision to the United States Court of Appeals for the

and (3) the instant civil action in this Court.

## SUMMARY OF ARGUMENT

Mr. Westover's claim that the Government breached the Title VII settlement agreement must be dismissed because it is a claim for equitable relief, and not a claim for actual, presently-due money damages. Mr. Westover also cannot demonstrate that the Government's alleged breaches are the proximate cause of the damages he claims.

## ARGUMENT

### I. Legal Standards Pursuant To RCFC 12(b)(1) And 12(b)(6)

Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993); United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991). The burden of establishing the Court's subject matter jurisdiction rests with the party seeking to invoke it. Wilson v. United States, 58 Fed. Cl. 760, 762 (2003), aff'd, 405 F.3d 1002 (Fed. Cir. 2005). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)). Further, the Court may consider all relevant evidence, including evidence outside the pleadings when resolving a jurisdictional challenge. Wilson, 58 Fed. Cl. at 762. "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136

---

Federal Circuit. See Westover v. U.S. Dept of Agriculture, Fed. Cir. No. 06-3062. The appeal is pending.

F.3d 1317, 1322 (Fed. Cir. 1998).

A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the plaintiff's alleged facts do not entitle him to a remedy. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Dismissal pursuant to RCFC 12(b)(6) is proper when it is apparent that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Ponder v. United States, 117 F.3d 549, 552 (Fed. Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A case dismissed pursuant to RCFC 12(b)(6) is considered a dismissal on the merits. Id. at 552-53.

## II. This Court Does Not Possess Jurisdiction Over Claims For Breach Of A Title VII Settlement Agreement Unless The Claim Is A Pure Contract Claim For Presently Due Money Damages That Neither Seeks Any Equitable Relief Nor Requires An Interpretation Of Title VII

As a court of limited jurisdiction, this Court possesses only those powers awarded by the Constitution and statutes, and those powers cannot be expanded by judicial decree. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). It is presumed that a cause lies outside this Court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id.

This Court possess jurisdiction to entertain certain actions pursuant to the Tucker Act. The Tucker Act waives the United States' sovereign immunity for actions "founded either upon the Constitution, or any Act of Congress or any regulations of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, does not create a substantive right to recovery against the United States. United States v. Testan, 424 U.S.

392, 398-99 (1976). Instead, a claim for money damages must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Id. at 401-02.

Further, this Court's Tucker Act jurisdiction may be pre-empted where there is a comprehensive, precisely-drawn statutory scheme providing for judicial review of the matter in another forum. See Wilson v. United States, 405 F.3d 1002, 1015 (Fed. Cir. 2005). In the past, this Court has recognized that Title VII is such a comprehensive, precisely-drawn statutory scheme that provides judicial review of Federal employees' discrimination claims in district court. Lee v. United States, 33 Fed. Cl. 374, 378 (1995) (citing Brown v. General Servs. Admin., 425 U.S. 820, 829 (1976)). Under Title VII, a Federal employee may file his or her discrimination claim in Federal district court once all administrative remedies have been exhausted. 42 U.S.C. §§ 2000e-5, e-16. Accordingly, this Court lacks jurisdiction to entertain Title VII claims, and exclusive jurisdiction over those claims rests with the district court.

Whether this Court possesses jurisdiction to entertain a claim for breach of a settlement agreement resulting from a Title VII action, however, is a more complex question. Generally, this Court has consistently ruled that it does not possess jurisdiction to entertain claims that the Government breached settlement agreements resulting from Title VII actions. See Griswold v. United States, 61 Fed. Cl. 458 (2004) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included equitable orders of instatement, future notice of civil service exams, access to civil service exams, and other appropriate equitable relief); Taylor v. United States, 54 Fed. Cl. 423 (2002) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included adjustments to annual

and sick leave, seniority, entry date, and salary); Mitchell v. United States, 44 Fed. Cl. 437 (1999) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included determination that settlement agreement did not encompass all of plaintiff's Title VII actions); Lee, 33 Fed. Cl. 374 (1995) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included adjustment of plaintiff's performance rating and increase of Employee Performance Management System award); Fausto v. United States, 16 Cl. Ct. 750 (1989) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included providing plaintiffs with a Form 50 that included the reasons for plaintiff's resignation).

These rulings do not, however, necessarily stand for the proposition that this Court possesses no jurisdiction over any Title VII settlement agreements. See Schnelle v. United States, 69 Fed.Cl. 463, 465 n.1 (2006). In Kokkonen, the Supreme Court held that enforcement of a settlement agreement, whether through an award of damages or specific performance, is not a continuation or renewal of the dismissed suit, and, therefore, requires its own basis for jurisdiction. 511 U.S. at 378. The Supreme Court concluded that a district court has ancillary jurisdiction to enforce a settlement agreement only if the court, either by a separate provision or by incorporation, makes the settlement agreement part of its dismissal order because a breach of the agreement would then be a violation of that order. Id. at 381.

In Massie v. United States, the United States Court of Appeals for the Federal Circuit held that this Court possessed jurisdiction to entertain an action for breach of an agreement to pay plaintiff's claim arising under the Military Claims Act ("MCA"). 166 F.3d 1184 (Fed. Cir. 1999) ("An agreement to pay an MCA claim presumptively satisfies the Tucker Act because 'any

agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the Government.'"). The Federal Circuit rejected the Government's argument that the complete and comprehensive statutory scheme pertaining to the payment of military claims under the MCA pre-empted this Court's Tucker Act jurisdiction. Id. at 1188. Although the Federal Circuit agreed that a contract will not fall within this Court's Tucker Act jurisdiction where Congress has placed jurisdiction elsewhere, it held that the MCA does not address the breach of agreements to pay MCA claims, and, therefore, the MCA itself does not deprive this Court of jurisdiction over such claims. Id. The Federal Circuit also distinguished its prior decisions, which held that this Court lacked jurisdiction over actions for breach of settlement agreements when the agreements arose from disputes which would have been litigated in other fora, by concluding that the claims at issue in those prior decisions required review of a subject matter reserved to another tribunal. Id. at 1189. In contrast, the plaintiff in Massie was not seeking a review of issues related to the MCA, but only sought to enforce her agreement with the Government. Id.

The United States Court of Appeals for the District of Columbia Circuit expanded upon the Federal Circuit's reasoning in Massie and applied it to claims for breach of Title VII settlement agreements. See Hansson v. Norton, 411 F.3d 231, 237 (D.C. Cir. 2005). In Hansson, the D.C. Circuit dismissed plaintiff's claim for breach of a Title VII settlement agreement for lack of jurisdiction where the plaintiff sought only monetary relief and disposition of the claim would not require review of Title VII subject matter. Id. ("Because [plaintiff's claim] neither requires an interpretation of Title VII with respect to her discrimination complaint nor seeks equitable relief under Title VII, but rather . . . is a contract claim against the United

States for more than $10,000[,] . . . it is within the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act."). Specifically, the plaintiff in Hansson claimed the Government failed to pay her attorney fees per the Title VII settlement agreement. Id. The D.C. Circuit opined that the Federal Circuit "appears to agree with this court's precedent that the Court of Federal Claims lacks jurisdiction under the Tucker Act only if 'disposition of the contract claim would require review of the subject matter reserved to another body.'" Id. at 236. According to the D.C. Circuit, this Court's prior decisions dismissing claims for breach of Title VII settlement agreements for lack of jurisdiction were distinguishable because those cases involved claims for equitable relief, which this Court may not award. Id.

Accordingly, in case where a plaintiff seeks wholly contractual, pure monetary relief, this Court arguably may possess jurisdiction over a Title VII settlement agreement. However, In order to invoke the Court's jurisdiction, Mr. Westover still must present a claim for "actual, presently-due money damages from the United States." United States v. King, 395 U.S. 1, 3 (1969); New York Life Ins. Co. v. United States, 118 F. 3d 1553, 1556 (Fed. Cir. 1997) ("The claim must, of course, be for money."). It is not enough for Mr. Westover simply to assert a claim for money damages. Griswold v. United States, 61 Fed. Cl. at 465. Rather, Mr. Westover must establish that a substantive right enforceable against the United States for money damages exists. Id. (citing United States v. Testan, 424 U.S. at 398). Moreover, the alleged substantive right must be of the type that can be fairly interpreted as mandating compensation by the Government for the damage sustained. Id.

Further, the United States Court of Federal Claims "cannot grant nonmonetary equitable relief such as an injunction or a declaratory judgment, or specific performance." First Hartford

Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999). With certain strictly limited exceptions, there is no provision in the Tucker Act authorizing this Court to order equitable relief. See United States v. King, 395 U.S. at 4 ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'"). But see 28 U.S.C. § 1491(b)(2) (permitting the Court of Federal Claims to grant declaratory and injunctive relief in actions regarding Government solicitations).

In this case, the substantive right Mr. Westover identifies does not entitle him to money damages. See Griswold, 61 Fed. Cl. at 465-66 (finding that plaintiffs' identified substantive right to notice cannot be fairly interpreted to require the Government to pay money for the damages sustained). Mr. Westover alleges that the Government breached the provision of the settlement agreement to provide neutral references to prospective employers. Compl. ¶¶ 29-30. Mr. Westover does not allege that the Government failed to pay any money due pursuant to the settlement agreement.

Nor does the settlement agreement expressly mandate the payment of money damages in the event of a purported breach of the neutral references provision. Instead, the EEOC regulations provide that if a complainant believes that the agency has failed to comply with the terms of a settlement agreement "[t]he complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504. Accordingly, several district courts have held that monetary damages are generally not available for breach of a Title VII settlement agreement. See Schnelle, 69 Fed.Cl. at 467 (citing Morley v. Potter, No. C-04-5211FDB, 2005 WL 2406161, at *4 (W.D. Wash. Sept.29, 2005); Frahm v. United States,

No. 4:02CV00089, 2005 WL 1528421, at *3 (W.D. Va. June 23, 2005)).

Indeed, Mr. Westover's complaint does not seek presently due money damages. Instead, Mr. Westover expressly asserts that "[t]he only available remedy for this type of material breach is reinstatement to his former position with USDA, and back pay." Compl. ¶ 31. As noted above, it is well settled that this Court cannot provide equitable relief and cannot reinstate Mr. Westover to his former position with the Government. See also Villier v. United States, 17 Cl.Ct. 341 (1989).

Further, Mr. Westover's claim for back pay is intrinsically related to such request for reinstatement, and cannot be considered "presently due" prior to any reinstatement. Before suit can be brought in this Court pursuant to the Back Pay Act, the agency or MSPB must find that the employee was affected by an unjustified or unwarranted personnel action resulting in the withdrawal or reduction of pay. 5 U.S.C. § 5596(b)(1); Fausto, 484 U.S. at 454. No such finding has been made.

Accordingly, we respectfully request that the Court dismiss Mr. Westover's complaint for lack of subject matter jurisdiction.

## III. The Alleged Breach Of The EEO Settlement Agreement Is Not The Proximate Cause Of The Damages Claimed

Mr. Westover also fails to state a claim upon which relief can be granted because the alleged breaches are not the proximate cause of the damages sought. To recover for breach of contract, Mr. Westover must allege and establish the following: (1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach. San Carlos Irrigation and Drainage Dist.v. United States, 877 F.2d. 957, 959 (Fed. Cir. 1989). Specifically, Mr. Westover must allege that "but for" the

Government's alleged breach, he would not have suffered his claimed damages. See San Carlos Irrigation and Drainage Dist. v. United States, 111 F.3d 1557, 1563 (Fed. Cir. 1997); see also Hughes Communications Galaxy, Inc. v. United States, 271 F.3d 1060, 1065 (Fed. Cir. 2001); Wells Fargo Bank, N.A. v. United States, 88 F.3d 1012, 1020 (Fed. Cir. 1996).

Here, Mr. Westover alleges that the parties entered into the September 2002 settlement agreement. Compl. ¶¶ 19-20. He also alleges that the Government had a duty under the settlement agreement to provide neutral references to prospective employers, and that this duty was breached. Compl. ¶¶ 20, 24, 25. However, Mr. Westover fails to assert that the Government's alleged breach of the settlement agreement caused the damages he seeks. Specifically, it is unclear how the alleged disclosure entitles him to reinstatement or back pay for the period between settlement and the alleged breach. Accordingly, Mr. Westover fails to state a requisite element of his claims, and, thus, they should be dismissed.

## CONCLUSION

For these reasons, the United States respectfully requests this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C., 20530
Tel: (202) 616-2377
Fax: (202) 305

OF COUNSEL:

NEHA NAGAR HEWITT
Attorney
U.S. Dept. of Agriculture
1400 Independence Avenue
Room 3312-5, SW
Washington, D.C. 20250

March 29, 2006

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 29th day of March, 2006, a copy of the foregoing "MOTION TO DISMISS PLAINTIFF'S COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that this 29th day of March, 2006, I caused to be served by United States mail (first class, postage prepaid) copies of defendant's "MOTION TO DISMISS PLAINTIFF'S COMPLAINT" addressed as follows:

Joan Augusta Harvill
International Law Center of D.C.
1000 Connecticut Avenue, N.W.
Suite 600
Washington, DC 20036

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice