# WITNESS' AFFIDAVIT

I, (name) Rene E. Wing

am an X employee of ___ applicant to ___ former employee of the U. S. Department of Agriculture:

(Agency) U. S. Department of Agriculture

(Office) Marketing and Regulatory Programs Business Services

(Division) Human Resources Division

(Branch) APHIS Employee Relations Branch

Located in (city and state) Fort Collins, Colorado

In the capacity of (show your organization title and the classification of your job, if different)
:

Human Resources Specialist (Employee Relations), GS-201

Grade GS-12 between (date) October 2002 and (date) the present

My telephone number during working hours is: 970-494-7416

I HAVE BEEN ADVISED OF THE FOLLOWING:

I am required by Federal regulations and Department of Agriculture policy to cooperate fully and promptly with the investigator who has been assigned to conduct a thorough and impartial investigation into a complaint of discrimination against the Department of Agriculture. I must provide a statement for the investigative report which is true and complete to the best of my knowledge and which discloses all of my firsthand knowledge having a bearing on the merits of the complaint. My statement is provided under oath (or affirmation), without a pledge of confidentiality, in accordance with Equal Employment Opportunity Commission rules and regulations and Department of Agriculture policy. This means that any employee(s) whom I accuse of discrimination or other acts of impropriety may be shown relevant portions of my affidavit and be provided an opportunity to respond for the record. In addition, the complainant and the appropriate Departmental officials involved in the EEO complaint process will receive the entire investigative file. I have the right to review my statement prior to signing it and may make initialized corrections if it is incomplete or inaccurate. I have the right to receive a copy of the signed statement.

Having been advised of the above information about my role as a witness in the investigative process, I solemnly swear ___ affirm ✓ the statement which follows is true and complete to the best of my knowledge and belief, and addresses the issues and concerns raised with me by the investigator.

TESTIMONY

I have worked for the U. S. Department of Agriculture (USDA) since March 1991. I have never personally engaged in protected EEO activity like contacting a counselor or filing a complaint about employment discrimination.

In response to specific questions from the EEO investigator in this case, I am providing the following information. When Dr. John Westover worked for USDA's Animal and Plant Inspection Service (APHIS), he was not in my supervisory chain and I was not in his supervisory chain. Dr. Westover lists me as a reference on his employment application. Dr. Roxanne Mullaney, the Area Veterinarian in Charge in Albany New York called me for a reference on Dr. Westover. I told her the dates of Dr. Westover's employment with APHIS, his job titles and his salaries. I told her nothing more. Dr. Mullaney did not ask me for other names in APHIS she could contact about Dr. Westover's appointment. I think she realized I couldn't provide more information, although I did not tell her that. I did not tell Dr. Mullaney anything about any problems Dr. Westover may have had in his APHIS employment. I also did not provide her any adverse information about Dr. Westover. I did not tell Dr. Mullaney that I could not provide names of APHIS officials to contact or that other APHIS officials would be limited in any way about what they said. I told Dr. Mullaney what I said above: dates of employment, job titles and salaries. *I am attaching to this affidavit a copy of the note I read from when providing the employment reference to Dr. Mullaney.*

I do not recall Dr. Mullaney's response to what I told her. I do not have the date of the call from Dr. Mullaney, but it was awhile ago and such a short telephone call, that I really don't remember how Dr. Mullaney responded. I only noted in the record that she had called and I gave her a reference.

The investigator asked me how I came to be listed as a reference on Dr. Westover's application and how it happened that I remembered what I told Dr. Mullaney, but not how she reacted. I suggested she address the first question to Dr. Westover. I told her I would speak freely to her in this investigation if Dr. Westover provided me a written release to do so. I remember what I told Dr. Mullaney because I have a note that I read from whenever I give an employment reference for Dr. Westover and I have attached a copy of that note as referenced above.

The investigator told me that Dr. Westover has said the following: "I suspect that Ms. Wing provides adverse responses and inappropriate comments that are not in accordance with the settlement agreement." I absolutely do not do that.

I have reviewed this statement, which consists of 2 pages, and hereby solemnly ___ swear ✓ affirm that it is true and complete to the best of my knowledge and belief. I understand that the information I have given will not be held confidential and may be shown to the interested parties as well as made a permanent part of the record of investigation.

[signature] 8-24-05
(Signature of Deponent) (Date)

Signed before me at (Street and City) 2150 Centre Avenue, Fort Collins, CO
on this 24th day of August 2005

[signature]
(Signature of Witness)

Page 1 of 2 Initials RLW

Jan 92 - Nov 92
GS 12 Epi - Illinois
40,136.00

Nov 92 - June 95
GS 13 Reg Epi - Texas
52,396.00

resigned for other
[illegible]