05-1398C
Judge Miller

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

JOHN WESTOVER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

PLAINTIFF'S OPPOSING POINTS AND AUTHORITIES TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

JOAN A. HARVILL
D.C. Bar No: 309112
1000 Connecticut Avenue NW
Suite 600
Washington, D.C. 20036
(202) 466-6346
JHarvill9900@charter.net

**TABLE OF CONTENTS**

**PAGE**

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1. Legal Standards Under RCFC 12(b)(1) and 12 (b)(6). . . . . . . . . . . . . . . . 8

2. The Court Possess Jurisdiction Under the Tucker Act for A Pure Claim of Breach of a Settlement Agreement. . . . . . . . . . . . . . . . . 10

3. John Westover's Complaint Is Not For Equitable Relief . . . . . . . . . . . . 12

4. The Remedy for Breach of a Neutral Job Reference Is Reinstatement With Back Pay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5. The Breach Of The EEO Settlement Agreement Is the Proximate Cause of the Damages Claimed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**PAGES**

## CASES

Akinseye v. District of Columbia, 339 F. 3d 970 (D.C. Cir. 2003). . . 9

Brown v. GSA, 425 U.S. 820 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . 11

Brown v. United States, 389 F. 3d 1296 (D.C. Cir. 2004) . . . . . . . . 12

Conley v. Gibson, 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . 9

Empagra S.A. v. F. Hoffman Laroche Ltd., 315 F.3d 338
(D.C. Cir. 20030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fisher v. United States, 402 F. 3d 1167 (Fed. Cir. 2005). . . . . . . . . 9,10,11

General Motors Corp. v. Envtl. Prot. Agency, 363 F. 3d 442
D.C. Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Greenhill v. Spellings, (D.C. 2005) Civil Action No. 05-1110
(RBW) U.S. District Court, D.C. December 12, 2005. . . . . . . . . . . 12

Hamlet v. United States, 63 F.3d 1097 (Fed. Cir. 1995). . . . . . . . . . 12

Hanson v. Norton, 411 F.3d 231 (D.C. Cir. 2005). . . . . . . . . . . . . . 11

Holley v. United States, 124 F.3d 1462 (Fed. Cir.1997). . . . . . . . . 12

King v. Department of the Navy, 103 F.3d 1031 (Fed. Cir. 1997). . 13

Lujan v. Defenders of Wild Life, 504 U.S. 555 (1992). . . . . . . . . . . 9

Machario v. United States, 334 F.3d 64 (D.C. Cir. 2003). . . . . . . . . 9

Massie v. United States, 166 F.3d 1184 (Fed. Cir. 1999). . . . . . . . . 12

Metz v. United States, (Fed. Cl. 2005) No. 00-540, U.S. Court
of Fed. Cl., Filed May 31, 2005. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Mussick v. Department of Energy, 339 F.3d 1365 (Fed. Cir. 2003). . 13

**PAGE**

Pagan v. Department of Veterans Affairs, 170 F.3d 1368 (Fed. Cir. 1999). . . . . . . 13

Schaffer v. Veneman, 325 F.3d 370 (Fed. Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . 12

St. Paul Mercury Indem. Co., v. Red Cab Co., 303 U.S. 283 (1938). . . . . . . . . . . . . 8

Stovall v. Veneman, (D.D.C. 25) Civil Action No. 04-319 (RMC),
United States Dist. Court D. Columbia, January 24, 2005. . . . . . . . . . . . . . . . . . . . . . 12

Thomas v. Department of HUD, 124 F.3d 1439 (Fed. Cir. 1997). . . . . . . . . . . . . . . . 13

United States ex rel. Herbert v. National Academy of Scis.,
974 F.2d 192 (D.C. Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Mitchell, 463 U.S. 206, 103 S. Ct. 2961, 77 L.Ed.2d 580 (1983). . . 10

United States v. Testan, 424 U.S. 392, 96 S. Ct. 948 (1976). . . . . . . . . . . . . . . . . . . . 10

United States v. White Mountain Apache Tribe, 537 U.S. 465,
123 S. Ct. 1126, 155 L. Ed. 2d 4 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES**

U.S.C. Title 28-1491(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

U.S.C. Title 42-2000e-16(a)(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**REGULATIONS AND RULES**

29 C.F.R. 1614.504. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

RCFC 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

RCFC 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 14

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN WESTOVER,<br>Plaintiff, | : | |
| v. | : | No: 05-1398C (Judge Miller) |
| THE UNITED STATES<br>Defendant. | : | |

**PLAINTIFF'S JOHN WESTOVER, OPPOSING POINTS AND AUTHORITIES TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

COMES NOW, Plaintiff, John Westover, and by and through his Attorney of Record, Joan A. Harvill, respectfully moves the Court to deny Defendant's Motion to Dismiss the Complaint for lack of jurisdiction, and for failure to state a claim upon which relief can be granted. As grounds therefore Plaintiff avers the following:

**PLAINTIFF'S BRIEF**

**STATEMENT OF THE ISSUES**

1. Whether this Court has subject matter jurisdiction over Plaintiff's Claim that sounds in Breach of Contract based upon presently-due money damages, and which does not require an interpretation of Title V11.

2. Whether the Plaintiff's Complaint adequately alleges that the Government's Breach of Contract is the proximate cause of Plaintiff's damages.

3. Whether Plaintiff can demonstrate the Government's breaches are the proximate cause of the damages he sustained.

4. Whether John Westover's Claim is one for equitable relief.

## STATEMENT OF THE CASE

### I. Statement of Facts

Plaintiff, John Westover, was employed as a Veterinary Medical Officer with the USDA from 1991 until 1995. During the last 18 months of his employment, he was subjected to degradation of his job responsibilities, deteriorating level of support for his remote duty site, questionable performance evaluation for which he filed a grievance and which action was followed rapidly by a demotion.

When Plaintiff, John Westover, applied for sick leave after seeking psychological counseling due to stress in his dysfunctional work place, he was denied sick leave, placed on AWOL status, and subsequently removed from his position.

After exhausting administrative remedies pursuant to EEO, John Westover filed a Complaint at the United States District Court in Colorado alleging discrimination, and retaliation based upon disability. A settlement Agreement was entered into between the Agency and John Westover, Compl. 5-19.

A crucial term of the Settlement Agreement was only "neutral" job references were to be given by the Agency, Compl. Exhibit One.

Since the Settlement Agreement was entered into between the USDA and John Westover, John Westover has applied for 74 jobs in his field. Fifty-One (51) of those were with the USDA. He has not been selected for a single position, Compl. 21-23, even though he is a top ranked candidate; and a 30% disabled veteran who is entitled to a 10 point preference.*1

1. The Agency's manipulation of the job offer to avoid Plaintiff's 10 point preference violates the Veteran's Preference Act.

The Settlement Agreement specifically provided that:

"Agency employees will provide neutral references to prospective employers of plaintiff, if contacted. Said neutral references will only disclose the dates of plaintiff's employment with defendant, his job titles, and his salary", Compl. Exhibit 1. Contrary to Defendant's assertions, John Westover did not agree that Rene Wing was to be the individual at the Agency to give job references. Rather the Agency in an e-mail to John Westover appointed Rene Wing, from Employee Relations, to be the point of reference. Further John Westover did not consult with Rene Wing as to the information to be revealed in the job reference as that information was dictated by the terms of the Settlement Agreement, Compl. Exhibit "1".

This case arose when John Westover discovered the Agency had breached the "neutral" only references term of the settlement agreement. When Dr. Mullaney the hiring Agent for the Agency, after interviewing John Westover for an entry level Veterinary Medical Officer's Position, interviewed Agency Officials, they gave non-neutral job references claiming John Westover was unrealistic in terms of his knowledge, work ethic, and goals. Although she denied doing so in a Sworn Affidavit, Dr. Mullaney, the selecting Official for the USDA, sought an opinion from Dr. Gary Svetlik, a USDA field veterinarian in Texas, who told Dr. Mullaney when questioned about John Westover that his work was below par, even though he never had an opportunity to observe John Westover at work, and that he would not hire him for any position, Compl. 24-25; App(s).1 and 1(a). Not only did John Westover allege that the breach of the Settlement Agreement was the proximate cause of his damages, but he can prove the Government's

breach was the proximate cause of the damages he sustained since there exists documentary proof that Dr. Mullaney spoke with several Agency Officials who gave non neutral job references. Based on those non-neutral job references, Dr. Mullaney sought to avoid the consequences of the Veteran's Preference Act by seeking advice as to how to avoid hiring John Westover, and by following that advice, and then canceling the Certificate for the job opening, App. 2.

## SUMMARY OF ARGUMENT

The Government in violation of the Settlement Agreement gave non-neutral job references resulting in a breach of contract. A prevailing party in the breach of an EEO Settlement Agreement which breach does not require interpretation of Title VII, but sounds in contract law is entitled to compensation of actual, presently due money damages which in this pending claim is the sum of $608,847.00 which represents back wages upon reinstatement. Reinstatement and payment of back wages is a remedy authorized by Title VII, and does not constitute "equitable remedies" under the Tucker Act.

The only viable remedy for breach of a settlement agreement that calls for "neutral" job references is reinstatement with back pay.

There exists documentary evidence that demonstrates non-neutral job references were given, and based upon those non-neutral references, the job offer that required John Westover be hired based upon Veterans Preference was withdrawn.

## ARGUMENT

### I. Legal Standards Under RCFC 12(b)(1) and (12(b)(6)

Federal Courts are courts of limited jurisdiction and the law presumes that

"a cause lies outside this limited jurisdiction.", St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); A court of limited jurisdiction begins and ends with an examination of its jurisdiction, Gen. Motors Corp. v. Envtl. Prot. Agency, 363 F.3d 442, 448 (D.C. Cir. 2004).

Because "subject matter jurisdiction is an Art. III as well as a statutory requirement, no action of the parties can confer subject-matter jurisdiction upon a federal court.", Akinseye v. District of Columbia, 339 F.3d 970, 971 (D.C. Cir. 2003).

On a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction, Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Empagran S.A. v. F. Hoffman-Laroche, Ltd., 315 F.3d 338, 343 (D.C. Cir. 2003), (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Because subject matter jurisdiction focuses on the court's power to hear the claim, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim, Macharia v. United States, 334 F.3d 64, 69 (D.C. Cir. 2003).

To determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings, United States ex rel. Herbert v. National Aca. Of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

"If, on a motion asserting the defense number RCFC 12(b)(6) to dismiss for

failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56...". Fisher v. United States, 402 F.3d 1167, 1176 (Fed. Cir. 2005).

**THIS COURT POSSESSES JURISDICTION IN A PURE CLAIM FOR BREACH OF CONTRACT UNDER THE TUCKER ACT**

The Tucker Act confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States, and (2) it waives the Government's sovereign immunity for those actions, United States v. Mitchell, 463 U.S. 206, 212-18, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983). (*Mitchell 11*).

The causes to which the Act applies are claims for money damages against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." U.S.C. Title 28-1491(a)(1).

The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages, Mitchell II, 463 U.S. at 216, 103 S. Ct. 2961. In the parlance of Tucker Act cases, that source must be "money mandating", United States v. Testan, 424 U.S. 392 at 398, 96 S. Ct. 948 (1976).

The issue of whether a source is money-mandating is addressed in a one-step process, *See* Fisher v. United States, 402 F.3d 1167 (Fed. Cir. 2005). To satisfy

the jurisdictional requirement that a money-mandating statute is before the court, the plaintiff need only make a non-frivolous allegation that the statute may be interpreted as money-mandating. The non-frivolous allegation satisfies the jurisdictional requirement. If the court concludes the statute meets the money-mandating requirement, the court shall declare it has jurisdiction, and shall proceed with the case in the normal course, Fisher v. United States, at 1173, supra.

A statute is money-mandating for jurisdictional purposes if the statute be reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be "lightly inferred,"…a fair inference will do, United States v. White Mountain Apache Tribe, 537 U.S. 465, 123 S. Ct. 1126, 155 L. Ed. 2d 4 (2003).

Plaintiff, John Westover, in this case asserts the money-mandating statute conferring Tucker Act jurisdiction is U.S.C. Title 42-2000e-16(a)(b) which proscribes federal employment discrimination and establishes appropriate remedies, including reinstatement with back pay, *See also*, Brown v. GSA, 425 U.S. 820 (1976).

John Westover, however, does not allege that the breach of the Settlement Agreement violated Title VII because it was discriminatory, nor does he seek redetermination of his original discrimination claim. Rather John Westover's claim turns entirely on the terms of the contract and consequently belongs in the Court of Federal Claims. *See*, Hanson v. Norton, 411 F. 3d 231 (D.C. Cir. 2005). In Hanson, supra, the court held that the Court of Federal Claims lacks jurisdiction under the Tucker Act only if "disposition of the contract claim would require review of subject matter reserved to another body". In the Hanson case her claim was a pure breach of contract claim for breach of an EEO

Settlement Agreement to pay Attorneys fees stemming from adjudication of her original EEO claim. In Hanson, as in this pending case, there was no allegation the breach of the settlement agreement was discriminatory and there was no complaint regarding the original discrimination claim. Under these facts the court has repeatedly held Jurisdiction belonged with the Federal Court of Claims and transferred the action. *See also*, Shaffer v. Veneman, 325 F.3d 370 (Fed. Cir. 2003); Brown v. United States, 389 F.3d 1296 (D.C. Cir. 2004); Massie v. United States, 166 F.3d 1184 (Fed Cir. 1999); Stovall v. Veneman, (D.D.C. 2005) Civil Action No. 04-319 (RMC) January 24, 2005; Greenhill v. Spellings (D.C. 2005) Civil Action No. 05-1100 (RBW) U.S. District Court District of Columbia, December 22, 2005. Thus it is shown the claim of John Westover is a claim for breach of a settlement agreement, and the money mandating statute upon which the claim is based is Title VII which provides as a remedy Reinstatement with Back Pay.

Because this contract claim does not raise issues of discrimination, there is no requirement John Westover exhaust administrative remedies provided in 29 C.F.R. 1614.504, Hanson v. Norton, 411 F.3d 231, supra.

**JOHN WESTOVER'S CLAIM IS NOT FOR EQUITABLE RELIEF**

Ancillary relief which Defendant terms equitable relief is appropriate for matters that are incidental to other claims properly before the court, Stovall v. Veneman, (D.D.C. 2005) Civil Action No. 04-319 (RMC). U.S. D.C., D. Columbia January 24, 2005.

In Holley v. United States, 124 F.3d 1462 (Fed. Cir. 1997), Plaintiff sought back pay, reinstatement and associated benefits. The court held the Federal Court of Claims had jurisdiction to determine his claim for reinstatement with back pay which was not

deemed “equitable relief”, and to consider other ancillary matters as clearing his name from stigmatizing nature of the general discharge.

In Metz v. United States, (Fed. Cl. 2005) No. 00-540C. United States Court of Federal Claims Filed: May 31, 2005, where Plaintiff sought back pay under the Military Pay Act, the court held jurisdiction before it was proper; that Mr. Metz was entitled to the ancillary relief to be placed in retirement status with back pay.

See also, Hamlet v. United States, 63 F.3d 1097 (Fed Cir. 1995) where the court held the Federal Court of Claims had jurisdiction in a case involving a claim of breach of an employment contract. On remand to the Federal Court of Claims, the court held there was no employment contract involved, and the case was dismissed for lack of subject matter jurisdiction.

Thus it is shown reinstatement and back pay authorized by a money-mandating statute is not considered “equitable relief”. Rather it is considered part and parcel of the relief the Federal Court of Claims is entitled to award when ruling on the merits of a breach of contract claim.

## THE ONLY VIABLE REMEDY FOR A MATERIAL BREACH OF A SETTLEMENT AGREEMENT’S TERM TO GIVE ONLY “NEUTRAL” JOB RECOMMENDATIONS IS REINSTATEMENT WITH BACK PAY

A material breach is one that goes to the essence of a contract. In settlement agreements containing a term to give only “neutral” job references, a breach of that term is material as it constitutes the basis of the employee’s bargain for a clean record to enable him to obtain subsequent employment. It is of no avail to an employee whose “neutral” only job references contract term is breached to order the Agency giving non-neutral job references to provide specific performance of the “Neutral” reference term of

the contract since the damage has already been done to the reputation of the former employee seeking subsequent employment. Hence the only viable remedy is reinstatement with back pay, Thomas v. Department of HUD, 124 F.3d 1439 (Fed. Cir. 1997); King v. Department of the Navy, 103 F.3d 1031 ( Fed. Cir. 1997); Pagan v. Department of Veterans Affairs, 170 F.3d 1368 (Fed. Cir. 1999); Mussick v. Department of Energy, 339 F.3d 1365 (Fed. Cir. 2003).

**THE BREACH OF THE EEO SETTLEMENT AGREEMENT IS THE PROXIMATE CAUSE OF THE DAMAGES CLAIMED**

Contrary to the allegations of Defendant, Plaintiff stated a claim upon which relief can be granted. In his complaint, John Westover alleged since the signing of the Settlement Agreement he applied for 74 positions as a Veterinarian. Fifty one of those applications were made to the USDA. Even though he is entitled to a 10% preference as a disabled Veteran, he was not selected for any of the positions he applied for. On October 22, 2004 , he applied for an entry level position with the USDA.Compl. 21-25. He was entitled under that job offer for a 10% Veterans Preference. After Dr. Mullaney interviewed several officials of the USDA who gave non-neutral job references, App. 1, she contacted a USDA official for advice regarding how to cancel the Veterans Preference Position so she could eliminate John Westover as an Applicant. A USDA Official instructed her how to eliminate the job to prevent John Westover from being appointed. Dr. Mullaney, App. 2, followed that advice and the job offer was withdrawn with the specific intent to avoid the hiring of John Westover. Obviously, John Westover is able to show "but for" the "non-neutral" job references given by several USDA Officials, he would have been hired for the entry level Veterinary Position. Thus under the facts of this case, Defendant is not able to prevail under RCFC 12(b)(6) on a motion

to dismiss the complaint.

**CONCLUSION**

For all the reasons stated herein and in the pleadings on file, Plaintiff, John Westover, respectfully moves the court to deny Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.

Respectfully,

/s/ Joan A. Harvill

Joan A. Harvill
D.C. Bar No: 309112
1000 Connecticut Avenue NW
Suite 600
Washington, D.C. 20036
(202) 466-6346
Fax: (804) 224-4038

**CERTIFICATE OF FILING AND SERVICE**

I certify a copy of Plaintiff's Opposing Points and Authorities to Defendant's Motion to Dismiss the Complaint was electronically filed on April 27, 2006 and electronically served upon the following, and mailed by first class mail postage pre-paid on April 27, 2006:

Steven Mager, Trial Attorney. Commercial Litigation Branch, Civil Division, Department of Justice, Attn: Classification Unit, 8th Floor, 1100 L. Street NW, Washington, D.C. 20530.

/s/ Joan A. Harvill

Joan A. Harvill

# APPENDIX

**INDEX TO APPENDIX**


| **DOCUMENT** | | **PAGE(S)** |
|---|---|---|
| 1. | Witness Affidavit of Gary T. Svetlik, U.S. Department of Agriculture, September 13, 2005. . . . . . . . . . . . . . . . . . . . . . . . . . . | 1-2 |
| 1(a). | Witness Affidavit of Roxanne C. Mullaney, U.S. Department of Agriculture, August 29, 2005. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1-4 |
| 2. | E-mails exchanged between Roxanne C. Mullaney, U.S. Department of Agriculture and Eileen B. Cramer, U.S. Department of Agriculture dated November 9 and 10, 2004 with Copies of cancelled Job Certificates regarding John Westover. . . . . | 1-6 |