IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN WESTOVER,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-1398C (Judge Miller) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following reply to the opposition to our motion to dismiss filed by plaintiff, John Westover.

Our statement of facts appears in full in our motion to dismiss.[1] Briefly, Mr. Westover claims that the Government breached a provision of an Equal Employment Opportunity ("EEO") settlement agreement that he entered into with the United States Department of Agriculture ("USDA" or "agency") that requires the agency to provide "neutral references" to prospective employers. Mr. Westover seeks reinstatement to his former position with the USDA and backpay in the amount of $608,847.

On March 28, 2006, we filed a motion to dismiss Mr. Westover's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(1) and 12(b)(6), respectively. Specifically, we established that the Court does not possesss subject matter jurisdiction to entertain Mr. Westover's claims because he does

[1] While the Government disagrees with Mr. Westover's characterization of several of the facts surrounding the contract and the alleged breach, such disagreement is not material to the present motion to dismiss. As noted in our initial motion, for the purposes of this motion, we accept as true the factual allegations as set forth in the complaint.

not present a claim for actual, presently-due money damages. Def. Mot. 5-11. We also established that the alleged breach was not the proximate cause of the damages sought. Id. at 11-12.

On April 27, 2006, Mr. Westover filed a response in opposition to our motion to dismiss. In his response, Mr. Westover argues that Title VII is money mandating, and that he is entitled to actual, presently due money damages in the form of back pay and reinstatement by virtue of the EEO settlement agreement. Pl. Br. 10-14. Further, he asserts that the alleged breach was the proximate cause of USDA's failure to rehire him in 2004. Pl. Br. 14.

Because Mr. Westover's response fails to successfully rebut the Government's arguments in favor of dismissal, we respectfully request that this Court dismiss Mr. Westover's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## I. Mr. Westover Analysis of Title VII Fails to Account For the Comprehensive Scheme For Resolving Title VII Claims Set Forth By The Statute

At the outset, Mr. Westover asserts that Title VII is money mandating, arguing by implication that this Court possesses jurisdiction over Title VII actions.[2] Pl. Br. 10-11. Specifically, Mr. Westover relies upon the text of 42 U.S.C. § 2000e-16 for the proposition that Title VII confers jurisdiction upon this Court.

As set forth in our initial brief, however, it is well settled that the comprehensive scheme for resolving Title VII claims through administrative remedies and review in the Federal district courts pre-empts this Court's jurisdiction over Title VII claims. 42 U.S.C. §§ 2000e-5, e-16.

---

[2] Mr. Westover's claim, however, appears to actually rely upon the Title VII settlement agreement, and not Title VII itself.

See, e.g., Lee v. United States, 33 Fed. Cl. 374, 378 (1995) (citing Brown v. General Servs. Admin., 425 U.S. 820, 829 (1976)). Mr. Westover cannot and does not cite to a single case in which a Title VII claim was properly adjudicated in the Court of Federal Claims. Accordingly, to the extent that Mr. Westover argues that Title VII itself confers jurisdiction upon this Court, this argument is in error.

**II. Mr. Westover Fails To Demonstrate That This Court Possesses Jurisdiction Over His Claim To The Extent That It Is Founded Upon A Title VII Settlement Agreement**

As noted in our initial brief, while it is clear that this Court may not adjudicate the merits of a Title VII action, the question of whether or not this Court possesses jurisdiction over a claim founded upon a Title VII settlement agreement is more complex. Specifically, the Government has argued that where a plaintiff presents a claim for presently due money damages pursuant to a Title VII settlement agreement, this Court would possess jurisdiction over such claim.[3] Def. Br. 6-9. However, because Mr. Westover fails to present a claim for presently due money damages, his claim in this case is not the type of claim over which the Court possesses jurisdiction.

Mr. Westover asserts that his claim for reinstatement and back pay is for presently due money damages and not equitable relief. Pl. Br. 12-13. Reinstatement to the Federal service, however, is inherently equitable relief. Further, without such reinstatement, there can be no right to any back pay, and so in this instance any potential money damages flow from the provision of equitable relief, and not the reverse.

---

[3] For example, if a Title VII settlement agreement required the payment of $10,000 for dismissal of the claim, and the Government failed to pay that $10,000 pursuant to the agreement, this Court arguably would possess jurisdiction over a claim for the $10,000.

None of the cases cited by Mr. Westover support the proposition that this Court would possess jurisdiction over his claim for reinstatement and back pay because such a claim is not equitable in nature. Both Holley v. United States, 124 F.3d 1462 (Fed. Cir. 1997) and Metz v. United States are military pay cases, which fall under the auspices of the Military Pay Act, 37 U.S.C. § 204. The remaining case, Hamlet v. United States, 63 F.3d 1097 (Fed. Cir. 1995) actually concluded that plaintiff's "breach of contract claim does not provide a substantive right to money damages and cannot provide for jurisdiction under the Tucker Act" and it is unclear how such case supports the conclusion that this Court would possess jurisdiction over Mr. Westover's claim for reinstatement and back pay.

Further, it is well settled that the Court of Federal Claims is generally not an "appropriate authority" to review personnel actions against Federal employees or to award money damages under the Back Pay Act, 5 U.S.C. § 5596. United States v. Fausto, 484 U.S. 439, 454 (1987).

Indeed, in determining that this Court possessed jurisdiction to entertain an action for breach of an agreement to pay a plaintiff's claim arising under the Military Claims Act ("MCA"), the United States Court of Appeals for the Federal Circuit noted that "[a]n agreement to pay an MCA claim is more akin to a procurement contract than a settlement agreement." Massie v. United States, 166 F.3d 1184 (Fed. Cir. 1999). Thus, in Hansson v. Norton, 411 F.3d 231, 237 (D.C. Cir. 2005), it was appropriate to transfer a dispute regarding the payment of attorney fees under a Title VII settlement agreement to this Court. Plaintiff cites no cases in which a claim for reinstatement with back pay for breach of a Title VII settlement agreement were properly transferred to this Court.

Even if Mr. Westover were correct in his assertion that reinstatement with back pay is not

an inherently equitable form of relief, in order to determine if Mr. Westover has a right to any reinstatement (and back pay), this Court would be required to analyze the validity of Mr. Westover's Title VII claim. If the Government did not wrongfully terminate Mr. Westover in violation of Title VII, he would possessed no right to reinstatement or back pay under Title VII, and the settlement itself does not itself create such a right. Indeed, no where in the settlement agreement does it provide for reinstatement and back pay in the event of a breach.

Mr. Westover, however, cites to case law from the United States Court of Appeals for the Federal Circuit for the proposition that reinstatement is an appropriate remedy in the event of the breach of a settlement agreement. Pl. Br. 13-14. Whether or not reinstatement might be an appropriate remedy for breach of a Title VII settlement agreement is irrelevant to the question of whether or not this Court possesses jurisdiction over his claim for reinstatement. Indeed, all of the cases cited by Mr. Westover in support of this proposition involved an appeal from the Merit Systems Protection Board, not an appeal from the United States Court of Federal Claims, and none of the cases were Title VII actions. In any event, only one of the cases cited involved reinstatement for breach of a settlement agreement, Thomas v. Department of Housing and Urban Development, 124 F.3d 1439 (Fed. Cir. 1997). In that case, the petitioner, Mr. Thomas, had resigned his position with the Government pursuant to a settlement agreement. Upon a material breach of the settlement agreement by the agency, the Federal Circuit held that "Mr. Thomas was discharged from his contractual duty to resign." Id. at 1442 (emphasis added).

In contrast, in the present case, Mr. Westover made no promise to resign from his position

in the settlement agreement.[4] Instead, he merely promised to dismiss the pending EEO complaint with prejudice, and to dismiss all pending grievances or EEO complaints. Id. Accordingly, even if the agency materially breached the settlement agreement, reinstatement and back pay is not the proper remedy for the breach of this agreement. Rather, Mr. Westover merely would be entitled to the reinstatement of his complaints. Reinstatement of a Title VII complaint before another administrative or judicial forum is a question that more properly within the purview of the forum in question.

## III. Mr. Westover Fails To Demonstrate That The Government's Alleged Breach Of The EEO Settlement Agreement Was The Proximate Cause Of The Damages Claimed

Mr. Westover also fails to assert that the Government's alleged breach of the "neutral reference" provision was the cause of Mr. Westover's termination by the USDA. Instead, he merely alleges that he was not subsequently rehired by USDA two years after the settlement agreement was executed (and 9 years after his release from Federal service). Mr. Westover seeks reinstatement plus equitable money damages equal to the pay he alleges he would have earned had he remained employed with the USDA.

In order to recover for breach of contract, Mr. Westover must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach. San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989). Moreover, when interpreting a contract, the plain language of the contract governs where the contract is clear and unambiguous. NVT Techs.

[4] The settlement agreement, however, did require the agency to substitute an SF-50 in Mr. Westover's file indicating that Mr. Westover had "resigned" from his position. Compl. Ex. 1.

Inc. v. United States, 370 F.3d 1153, 1159 (Fed. Cir. 2004).

As noted in our initial brief, Mr. Westover does not assert that he was relieved of his position with USDA because of the settlement agreement, yet he seeks reinstatement with back pay. Such damages, however, cannot be shown to be caused by any breach of the "neutral references" provision. Assuming that Mr. Westover was properly dismissed from Federal service, he would have no right to reinstatement with back pay. A determination that he was improperly dismissed would require an analysis of his Title VII claim, which is not properly within the purview of this Court.

## CONCLUSION

For these reasons, the United States respectfully requests this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C., 20530
Tel: (202) 616-2377
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

NEHA NAGAR HEWITT
Attorney
U.S. Dept. of Agriculture
1400 Independence Avenue
Room 3312-5, SW
Washington, D.C. 20250

May 11, 2006

CERTIFICATE OF FILING

I hereby certify that on this 11th day of May, 2006, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice