# In the United States Court of Federal Claims

No. 05-1398C
(Filed June 28, 2006)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | |
| **JOHN WESTOVER,** | Contracts; settlement agreement; breach; jurisdiction over an action brought to enforce settlement agreement entered under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (2000); 28 U.S.C. § 1631 (2000). |
| Plaintiff, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

Joan A. Harvill, Washington, DC, for plaintiff.

Steven M. Mager, Washington, DC, with whom was Assistant Attorney General Peter D. Keisler, for defendant. Neha Nagar Hewitt, U.S. Department of Agriculture, of counsel.

## MEMORANDUM OPINION AND ORDER

**MILLER**, Judge.

This case is before the court after argument on defendant's motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6). Hinging on a settlement agreement that resulted from an employment discrimination action, the issues for decision are whether the United States Court of Federal Claims lacks subject matter jurisdiction pursuant to RCFC 12(b)(1), or alternatively, whether plaintiff has failed to state a claim upon which relief can be granted pursuant to RCFC (12)(b)(6).

## FACTS

The following facts are derived from the complaint and the documents attached thereto. John Westover ("plaintiff") was employed as a Veterinary Medical Officer by the United States Department of Agriculture's ("USDA") Animal and Plant Health Inspection Service from 1991 until his termination in 1995. Plaintiff claims that during the last eighteen

months of his employment his job responsibilities were reduced and that he received a "questionable," Compl. filed Dec. 30, 2005, ¶ 8, performance evaluation, which caused him to file an administrative grievance in October 1994. Shortly after filing the grievance, plaintiff was demoted. After the demotion, on November 25, 1994, 1/ plaintiff filed another administrative grievance complaining that he had been demoted because of the grievance that he had filed in October 1994 and also claiming that his workplace was dysfunctional. Plaintiff asserts that he was forced to seek psychological help because of the dysfunctional workplace environment. Following the advice of doctors, plaintiff requested a month of sick leave on December 19, 1994, which he was denied. When he took leave, despite the denial of his request, he was deemed absent without leave. On February 11, 1995, plaintiff requested disability accommodations. Shortly after making the request, on February 24, 1995, plaintiff's supervisor proposed removing plaintiff from his position. Plaintiff was officially terminated from his position on June 5, 1995.

On May 19, 1995, plaintiff filed an informal Equal Employment Opportunity ("EEO") complaint alleging that, in addition to reprisal for filing the initial October 1994 grievance, he had been subjected to discrimination based on race and disability. The informal complaint was not resolved. On August 28, 1995, plaintiff filed a formal EEO complaint with parallel allegations to the informal complaint. The formal EEO complaint was dismissed September 21, 1998, without an administrative hearing as requested by plaintiff. After the Office of Federal Operations affirmed the final decision of the Equal Employment Opportunity Commission (the "EEOC"), on September 21, 2001, plaintiff filed on December 24, 2001, a complaint in the United States District Court for the District of Colorado. The complaint alleged discrimination and retaliation based on disability.

On September 17, 2002, in order to settle all pending complaints and grievances, an Assistant United States Attorney, on behalf of the United States, entered into a settlement agreement with plaintiff. The settlement agreement provided plaintiff with $8,000.00 in monetary damages; the promise of the USDA to provide neutral references to potential employers; and a substitute SF-50 form that indicated that plaintiff had resigned from his position, rather than having been terminated. The settlement agreement contemplated that references would disclose to a potential employer only the dates of plaintiff's employment, job titles, and salary. In return, plaintiff agreed to dismiss with prejudice the complaint filed in the district court.

---

1/ Paragraph 9 of the complaint states that the grievance was filed on November 25, 2004; however, based on the timeline of events, this is almost certainly an error, and the correct date is November 25, 1994.

After the settlement agreement had been signed, and his civil action had been dismissed, plaintiff began searching for employment. He applied to fifty-one vacancies advertised by the USDA. Plaintiff was not hired for any of these positions, despite being interviewed for five of them and receiving a 10% preference for his veteran status. Plaintiff's complaint alleges that he was not hired for one of these positions, as an entry-level Veterinary Medical Officer in New York, because Dr. Gary Svetlik, a USDA employee, failed to supply neutral references to Dr. Roxanne Mullaney, the USDA employee in charge of hiring for the Veterinary Medical Officer position. Plaintiff interviewed for the position on October 22, 2004, but the vacancy was announced again in early 2005. Plaintiff initiated an action with the EEOC shortly after the reposting of the announcement. An informal report issued by the EEOC on March 24, 2005, concluded that USDA employees had provided non-neutral references. After further investigation by the EEOC, plaintiff learned, on or about September 13, 2005, that Dr. Svetlik had told Dr. Mullaney that the former would not hire plaintiff for any position based on what he had seen and heard of plaintiff's previous job performance.

On December 30, 2005 plaintiff filed suit in the Court of Federal Claims, claiming breach of contract, specifically the neutral references clause, and seeking reinstatement to his former position, backpay in the amount of $608,847.00, reinstatement of benefits, attorneys' fees, and costs of suit. Defendant thereafter filed its motion to dismiss challenging both subject matter jurisdiction and the adequacy of plaintiff's claim as a matter of law.

**DISCUSSION**

______1. Subject matter jurisdiction

Defendant contends that the court has subject matter jurisdiction only over claims regarding a settlement agreement made pursuant to an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (2000) ("Title VII"), when the claim identifies a substantive right which entitles a plaintiff to monetary compensation. Defendant raises two issues which will be addressed separately: first, whether the court is able to hear claims regarding a settlement agreement based on Title VII claims; second, whether such a settlement agreement must contain terms that enable the court to enforce a monetary remedy.

In order for the court to proceed with this case, jurisdiction must be established. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998). Federal courts are presumed to lack jurisdiction unless the record indicates otherwise. Renne v. Geary, 501 U.S. 312, 316 (1991). The Tucker Act, 28 U.S.C. § 1491(a)(1) (2000), defines the jurisdiction of the Court of Federal Claims. It authorizes the court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation

of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." According to RCFC (12)(b)(1), the burden of establishing jurisdiction lies with the plaintiff. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002).

1) Jurisdiction over Title VII settlement agreements

Defendant concedes, despite citing several cases that have held otherwise, that the Court of Federal Claims most likely has jurisdiction over Title VII settlement agreements, assuming that all other jurisdictional requirements are met. See Def.'s Br. filed Mar. 28, 2006, at 6-7. All of defendant's cases principally rely on Fausto v. United States, 16 Cl. Ct. 750 (1989), 2/ which improperly relies on Brown v. General Services Administration, 425 U.S. 820 (1976), for its conclusion. See also Griswold v. United States, 61 Fed. Cl. 458 (2004); Taylor v. United States, 54 Fed. Cl. 423 (2002); Mitchell v. United States, 44 Fed. Cl. 437 (1999); Lee v. United States, 33 Fed. Cl. 374 (1995).

In Fausto the court determined that it lacked jurisdiction over a settlement agreement arising from a Title VII claim because "Title VII . . . is the comprehensive, exclusive, and preemptive remedy for employees alleging discrimination." Fausto, 16 Cl. Ct. at 752-753 (citing Brown, 425 U.S. at 829). Not only does Fausto not address whether the court has jurisdiction over a Title VII settlement agreement, but also, subsequent to the decision, the Supreme Court held that a suit regarding a settlement agreement is not a continuation of the previous suit. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Kokkonen says that a settlement agreement is an independent claim requiring its own basis for jurisdiction, which is at odds with the holding in Fausto. Id. Applying the Kokkonen principle to this case would separate the Title VII claim from the Title VII settlement agreement. Although the facts in Kokkonen are not identical, the principle is applicable.

In Kokkonen respondent was an insurance company that had terminated petitioner's agency agreement. The suit was removed to federal district court based on diversity jurisdiction. The parties eventually agreed on a settlement, and both parties filed a motion to dismiss the complaint. When petitioner supposedly breached the agreement, respondent sought enforcement in district court. The Supreme Court held that the district court did not have the authority to enforce the agreement because neither an independent basis for

2/ Although this case involves the same parties, it should not to be confused with the more familiar Fausto v. United States, 484 U.S. 439 (1988), which ruled that the Claims Court could not review personnel decisions of an agency.

jurisdiction, nor retention of jurisdiction in the dismissal order existed. Kokkonen, 511 U.S. at 381.

Plaintiff is not alleging discrimination, as described in Fausto; rather, he is alleging that the USDA breached a contract that it had made to settle a discrimination claim. Title VII itself does not provide a remedy for a breach of contract that occurs incident to settlement of a Title VII claim, nor does it prescribe the proper forum for litigating such a breach of contract. See 42 U.S.C. § 2000e. The settlement agreement falls outside the comprehensive scheme. Although Fausto relies solely on Brown for its determination of lack of jurisdiction, Brown gives no support for that position. The several cases that placed Title VII settlement agreements outside the jurisdiction of the Court of Federal Claims all rely on Fausto (with its flawed reliance on Brown) and Brown itself for their decisions. See Griswold, 61 Fed. Cl. at 464; Taylor, 54 Fed. Cl. at 425; Mitchell, 44 Fed. Cl. at 439; Lee, 33 Fed. Cl. at 378.

Further, the cases relying on Fausto subsequent to Kokkonen do little, if anything, to distinguish themselves to avoid application of the principle in Kokkonen. Griswold attempts to distinguish the case by stating that "Kokkonen did not involve Title VII discrimination claims in particular or even federal question jurisdiction. Nor was the government a party." Griswold, 61 Fed. Cl. at 463. Presumably, this reasoning is based on the proposition that Brown's comprehensive scheme makes Title VII claims unique, but no discussion appears as to why the listed factors alone would not allow separation of the original claim from the settlement agreement for purposes of jurisdiction. Id. These cases pose no bar to hearing settlement agreements based upon Title VII claims.

While essentially conceding that the court has jurisdiction over a settlement agreement made pursuant to a Title VII claim in its motion to dismiss, see Def.'s Br. filed Mar. 28, 2006, at 6-7, defendant still attempts to raise doubt about proper jurisdiction, see Def.'s Br. filed May 11, 2006, at 4. Defendant attempts to distinguish this claim from a Military Claims Act, 10 U.S.C. §§ 2731-2738 (1994) (the "MCA"), case that found an agreement to pay a claim to be separate from the underlying claim and therefore under the jurisdiction of the Court of Federal Claims. In Massie v. United States, 166 F.3d 1184 (Fed. Cir. 1999), the United States Court of Appeals for the Federal Circuit ruled that the Court of Federal Claims had jurisdiction over an agreement to pay a claim made under the MCA.

The Federal Circuit reasoned that the agreement fell outside the MCA, the comprehensive scheme for the handling of military claims. Defendant attempts to distinguish Massie because the Federal Circuit stated that "[a]n agreement to pay an MCA claim is more akin to a procurement contract than a settlement agreement." Massie, 166 F.3d at 1188. According to Massie, because the Secretary of Defense decides whether to pay the MCA claim, much like a contracting officer decides whether to issue a contract, a complainant

cannot forego litigating an MCA claim in order to reach a settlement agreement, because a complainant would have no right to litigate if a contracting officer chose not to enter into a contract with him. Id. The situation presented by Title VII is exactly the same as the MCA situation because plaintiff has the option of litigating the underlying Title VII claim. Although the agreement in Massie was not a settlement agreement, it presents obvious similarities to the current situation. This court's conclusion that jurisdiction lies does not rely, however, on Massie.

Although masked by defendant's lengthy discussion of jurisdiction over a Title VII settlement agreement, what defendant actually argues is that the court lacks jurisdiction over plaintiff's claim because plaintiff has failed to state a proper claim for money damages.

2) Claim for money damages

Defendant erroneously contends that, in order for the Court of Federal Claims to have jurisdiction over the settlement agreement, the contract must be money mandating. Def.'s Br. filed March 28, 2006, at 9. However, the Federal Circuit consistently has held that, if the claim brought under the Tucker Act is not contractual, then the action must be brought pursuant to a money-mandating constitutional provision, statute, regulation or executive order. See Martinez v. United States, 333 F.3d 1295, 1302-1303 (Fed. Cir. 2003); Hamlet v. United States, 63 F.3d 1097 (Fed. Cir. 1995). Defendant has not alleged that the settlement agreement failed to constitute a contractual relationship between the Government and plaintiff, nor does any evidence indicate it is not a contractual agreement. Therefore, while plaintiff is not required to show that the contract is money mandating, he must show the existence of a contract. See Ontario Power Generation v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004). Jurisdiction over this matter has been established because the claim is based on a contract with the Government.

2. Failure to state a claim upon which relief can be granted

Alternatively, defendant has argued that plaintiff has failed to state a claim upon which relief can be granted, so that the claim is subject to dismissal on the merits pursuant to RCFC 12(b)(6). The court may hear this claim only if plaintiff has properly stated a claim and the court has the ability to grant the proper relief to remedy the claim.

A complaint fails to state a claim upon which relief can be granted if "the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The motion to dismiss must be denied if "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In order to recover damages for a breach of contract, plaintiff "must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising out of that contract, (3) a breach of that duty, and (4) damages caused by the breach." San Carlos Irrigation and Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989). Plaintiff has alleged that he had a valid contract with the USDA, the USDA had a duty to give neutral references, and the USDA beached that duty when an employee gave non-neutral references. See Compl., ¶¶ 19, 24.

The unique feature of defendant's motion arises because, while plaintiff has claimed damages, the breach of the settlement agreement is not alleged to be the but-for cause of these damages. Plaintiff has proffered no allegations or evidence to show that the damage that he suffered by breach of the neutral references clause was the loss of his previous job as a Veterinary Medical Officer and the associated pay. He has never held any job for which he applied subsequent to entering the settlement agreement. The court cannot grant monetary relief for the loss of a position to which a federal employee has not been appointed. See Weinberg v. United States, 192 Ct. Cl. 24, 35 (1970); Tierney v. United States, 168 Ct. Cl. 77, 80 (1964).

If plaintiff had alleged and proved that the breach of the neutral references provision cost him the Veterinary Medical Officer position in New York and the accompanying pay, the court could fashion a remedy for the plaintiff. However, if plaintiff continues to insist that the only acceptable remedy is reinstatement to his 1995 Veterinary Medical Officer position with backpay, then the reinstatement and evaluation of the Title VII discrimination claim would be the only means for him to receive that remedy. This court is unable to reinstate the Title VII discrimination claim, let alone evaluate that claim. See 42 U.S.C. § 2000e-5(f)(3). Reinstatement of the discrimination claim comes within the exclusive jurisdiction of the district court. Id. Because the settlement agreement did not contain a clause that provides, as a remedy for breach, restoration to a position that he formerly held or to a comparable position, this court cannot grant the requested remedy for this breach (to the extent that it were to be proved).

3. Transfer of the claim

The court has jurisdiction over plaintiff's claim, but cannot grant relief of the type that plaintiff is seeking. Because the district court also possesses jurisdiction over this claim and could grant relief to the plaintiff, see 28 U.S.C. § 1346(a)(2) (2000), this court elects to transfer the claim to that court. Although the statute gives jurisdiction to the district court only with respect to contract claims for less than $10,000.00, what the plaintiff is actually seeking, despite claiming over $600,000.00 in damages, is reinstatement of his Title VII

claim, an equitable remedy without monetary value. Transfer of the claim to the district court will allow plaintiff to request a proper remedy.

The transfer statute, 28 U.S.C. § 1631 (2000), allows the court, "if it is in the interest of justice, [to] transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." While this statute is predicated on a finding that jurisdiction in the transferor court is lacking, the interests of justice are served by transferring the action when plaintiff has come so far. Further, defense counsel stated during argument that transfer of this claim to the district court is not barred. The transferee court will determine whether the terms of the settlement agreement admit of a remedy for breach.

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss is granted only insofar as the Clerk of the Court shall transfer the claim to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

No costs.

____________________________________
**Christine Odell Cook Miller**
Judge